## WORDS LIMITING THE DEVISE OF A FULL FEE TO A LIFE ESTATE.

### Common Pleas Court of Clermont County.

### D. W: MURPHY v. FRANK RIKER ET AL.

### Decided, April, 1925.

*Wills—Construction—Life Estate with Power to Sell—Vested Remainder in Portion Unconsumed.*

1. The testatrix used the following language in her will:

"I give and bequeath and devise to my beloved niece, Ella May Knicely, all of my real estate and personal property for her own use and benefit forever except she pay to my brothers William J. Knicely, Alva Knicely and Sister Amanda One Dollar each when claimed by them. And I hereby appoint My Niece Ella May Knicely without bond, with full power to sell, mortgage, lease or dispose of the whole or any part thereof of my Real or Personal Estate.

"At her death should there anything remain of my estate I bequeath to the Old Peoples Home in Cincinnati, Ohio."

*Held:* That the niece Ella May Knicely, took a life estate in the property, both personal and real, with power to sell, mortgage, lease or dispose of the whole or any part thereof, for her own use and benefit, but without any power to devise or give same away, and that what remained at the death of said niece not sold, mortgaged, leased or disposed of by said niece, belongs to the remainderman designated in the will. (*Johnson* v. *Johnson,* 51 Ohio St., 446, and *Tax Commission* v. *Oswald, Exrx.,* 109 Ohio St., 36, followed.)

*Murphy & Joseph,* for plaintiff.
*Maxwell & Ramsey,* and
*Gregor B. Moormann,* for defendants.

WHITE, J.

This case comes before the court on the construction of the will of Margaret Ann Knicely, deceased. The particular part of the will in question has been referred to during the trial of this case as the second paragraph, which reads as follows:

"I give and bequeath and devise to my beloved niece, Ella May Knicely, all of my real estate and personal property for her own use and benefit forever except she pay to my brothers William J. Knicely, Alva Knicely and Sister Amanda One Dollar each when claimed by them. And I hereby appoint My Niece Ella May Knicely without bond, with full power to sell, mortgage, lease or dispose of the whole or any part thereof of my Real or Personal Estate.

"At her death should there anything remain of my estate I bequeath to the Old Peoples Home in Cincinnati, Ohio."

After a careful examination of the authorities in the state of Ohio, the court is forced to say that, in our opinion there is not a uniformity in the decisions even of our own Supreme Court, and that the distinctions made in different cases are to say the least strange.

Our first impulse was to hold this will to give Ella May Knicely a fee simple estate, but after a careful comparison of the language of this will and that reported in the case of *Johnson* v. *Johnson*, in the 51st Ohio State, at page 446, which was again approved and followed in the 109th Ohio State at page 36, we have been forced to hold this to be one of those cases where the first devisee took a life estate in the property with power to dispose of the same during her life time.

It will be noted that the first part of said paragraph gives and bequeaths and devises to Ella May Knicely, all of the property of the decedent, for her own use and benefit, subject to the payment of one dollar apiece to her brothers and one sister, and in the very next sentence it would appear that she appoints Ella May Knicely as a trustee to sell, mortgage, lease or dispose of the whole or any part of said real estate that is necessary for the use and benefit of the said Ella May Knicely. This fact, of itself, clearly shows that the intention of the testatrix was to give to Ella May Knicely a life estate in said property, with power to dispose of it so far as was necessary for her proper use and benefit.

Instead of adding to the estate given to Ella May Knicely, as contended by attorneys for the plaintiff, it strikes us that

it is very strong evidence of an intention to limit the estate of Ella May Knicely, because it clearly shows a continuing of some kind of a trust in the estate after the settlement of the estate and limits the power of Ella May Knicely in said property from the fact that the will recites that she is appointed without bond. It will also be noted that no power to give or will said property is given in this clause.

It therefore becomes necessary to look at the language of the court in the case of *Johnson v. Johnson,* which reads as follows:

"The plain intention of the testator, as shown by the whole will, is that the property is given to the widow to be by her used and consumed, and that while so using and consuming the same she is empowered to bargain, sell, convey, exchange or dispose of the same as she may think proper, limited however in the exercise of such power to the purpose for which the property is given to her, that is, for her consumption. * * *

"This is clearly the intention of the testator when effect is given to the whole will and this intention should always govern. Unless the will conflicts with some provision of law, all other rules of construction must yield to the rule that the intention of the testator, as gathered from the whole will, must control."

At another place, the court in the opinion states:

"The fact that after using words which in themselves would give a fee, full power to bargain, sell, convey, exchange or dispose of the estate as she may think proper is expressly given to her by the testator, at once creates a slight inference that something less than a fee was intended; because a fee of its own force carries with it and confers upon her the power, without express words from him to that effect, to bargain, sell, exchange or dispose of the property as she may think proper."

That being true, how much more would these words apply if the testator also appoints the donor without bond to sell, mortgage, lease and dispose of said property.

There has no serious question arisen as to the fact that

there is no such place as the "Old Peoples' Home in Cincinnati, Ohio, for the plaintiff in this action makes the "The Widows Home and Asylum for Aged and Indigent Widows, a corporation organized under the laws of the State of Ohio, sometimes known as 'The Old Peoples Home of Cincinnati," a party defendant to this action, and states in his petition that the defendant is sometimes known as "The Old Peoples Home," and for that reason the court is forced to hold that, under the will of Margaret Ann Knicely, Ella May Knicely received a life estate in said property with power to sell, mortgage, lease or dispose of the whole, or any part thereof, during her life time, and having failed so to do and to exercise said power, that the remainder goes to the defendant, The Widows Home and Asylum for Aged and Indigent Widows, known as "The Old Peoples' Home of Cincinnati, Ohio."

Exceptions of the plaintiffs to these rulings may be noted.

In conclusion, the court desires to thank counsel for both plaintiff and the defendant for the able arguments and briefs furnished in this case.